THE ILLINOIS TRUST AND SAVINGS BANK *et al.* Appellants, *vs.* THE CITY OF CHICAGO, Appellee.

*Opinion filed October 28, 1910—Rehearing denied Dec. 9, 1910.*

1. PLATS—*fee of Monroe street, in School Section addition to Chicago, is in the abutting owners.* The fee of Monroe street, in School Section addition to Chicago, is in the abutting owners, since the plat of such addition is a common law plat.

2. SAME—*fee of LaSalle street, where opened by condemnation proceedings, is in abutting owners.* The fee of LaSalle street, in School Section addition to Chicago, where such street was opened by condemnation proceedings, is in the abutting owners, as the city acquired only an easement by such proceedings.

3. The principles involved in this case are discussed in the opinions rendered in *Sears* v. *City of Chicago,* (*ante,* p. 204,) and *Tacoma Safety Deposit Co.* v. *City of Chicago,* (*ante,* p. 192.)

APPEAL from the Circuit Court of Cook county; the Hon. JULIAN W. MACK, Judge, presiding.

This was one of eight bills in chancery filed in the circuit court of Cook county by property owners in the city of Chicago whose property abuts upon the public streets of

said city, against the city of Chicago, to enjoin the city from enforcing, as against their respective properties, the provisions of an ordinance passed by the common council of said city on February 5, 1906, which ordinance provides no person shall use any space underneath the surface of any street or other public grounds in the city of Chicago, or construct or maintain any structure thereunder, without first obtaining a permit so to do from the commissioner of public works of said city.   Complainants are the owners of the south-west corner of LaSalle and Monroe streets, which has a frontage of one hundred and ninety feet on LaSalle street and a frontage of ninety-five feet on Monroe street, which premises are improved by a thirteen-story building, and adjoining said building, and beneath the sidewalks on both frontages, are subways which complainants are using in connection with their building.   It also appears from the record that the premises of the complainants are situated in the original plat of School Section addition to Chicago; that the School Section addition to Chicago is a part of section 16, township 39, north, range 14, east of the third principal meridian, which was granted by the United States to the State of Illinois for the use of the inhabitants of the township in which the same is situated, for the use of schools.   The plat of School Section addition to Chicago contains no certificate, signature or endorsement by the said commissioner.   Monroe street was one of the original streets of said School Section addition to Chicago.   LaSalle street, however, in that subdivision, was not laid out by the original plat, but was laid out in the year 1858 by virtue of a condemnation proceeding.   The trial court held that complainants were the owners of the fee in the LaSalle street frontage and enjoined the city from enforcing the ordinance as against that frontage, but held that the city had the right to enforce the ordinance upon the Monroe street frontage and dismissed the bill as to that frontage.   From this decree the complainants prose-

cuted an appeal as to the Monroe street frontage and the city as to the LaSalle street frontage.

WILSON, MOORE & McILVAINE, for appellants.

EDWARD J. BRUNDAGE, Corporation Counsel, and WILLIAM D. BARGE, for appellee.

Per CURIAM: It was held by this court in *Sanitary District* v. *Pittsburgh, Ft. Wayne and Chicago Railway Co.* 216 Ill. 575, that the plat of School Section addition to Chicago was a common law plat. Under the doctrine announced in the case of *Sears* v. *City of Chicago,* (*ante,* p. 204,) the fee to Monroe street is in appellant, and the court should have enjoined the city from enforcing the ordinance against that frontage.

The city, by the condemnation proceedings, only acquired an easement in the property taken for LaSalle street, leaving the fee in the property taken in the grantor of the complainants. As to that frontage the court properly held complainants to be the owners of the fee and enjoined the city from enforcing the ordinance against that frontage.

The principles involved in this case are fully discussed in the opinions filed in the cases of *Sears* v. *City of Chicago, supra,* and *Tacoma Safety Deposit Co.* v. *City of Chicago,* (*ante,* p. 192.)

The decree of the circuit court as to the LaSalle street frontage will be affirmed but as to the Monroe street frontage it will be reversed, and the cause will be remanded to the circuit court, with directions to enter a decree in accordance with the views herein expressed.

*Affirmed in part and reversed in part, and remanded.*